UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20193-BLOOM

CARL O'NEAL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Petitioner has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 but has neither paid the filing fee of $5.00 nor filed a motion to proceed *in forma pauperis* pursuant to Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts. *See* Rule 1(b), Rules Governing Section 2254 Cases (stating that the Rules Governing § 2254 Cases apply to § 2241 habeas petitions).

After initial review of the Petition, the Court concludes that in addition to the payment of the filing fee, no order to show cause shall be served on Respondent until Petitioner cures certain deficiencies. Rules Governing § 2254 Cases, Rule 4; *see Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam) ("This preliminary review calls on a district court to perform screening function, ordering summary dismissal where a petition makes no meritorious claim to relief.").

    **I.**    **FILING FEE**

Pursuant to 28 U.S.C. § 1914(a), the clerk of each district court requires "parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or

otherwise, to pay a filing fee of $350" unless the application is for a writ of habeas corpus, which is $5.00. *See also Daker v. Dozier*, 2017 U.S. Dist. LEXIS 165395, 2017 WL 4448234 n. 3 (Oct. 5, 2017). In the alternative, a habeas petitioner may file a motion for leave to proceed *in forma pauperis* along with "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rules Governing § 2254 Cases, Rule 3(a)(2).

Petitioner filed his Petition but failed to pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*. Accordingly, Petitioner must pay the filing fee or file a motion for leave to proceed *in forma pauperis* by the deadline.

II.     **FACTUAL ALLEGATIONS**

Petitioner is currently confined at the Krome Service Processing Center ("Krome") in Miami, Florida. ECF No. [1] at 1, 8. He challenges the constitutionality of his continued detention as well as the conditions of his confinement. *Id.* at 1-7.

Petitioner states that he is being held in a "cohort quarantine" and that he is not able to social distance. Specifically, Petitioner states that he sleeps on bunkbeds "less than a meter away from other detainees," he "typically eat[s] less than six feet away from other detainees[,]" and that dozens of detainees are made to share toilets that are too close together for social distancing to occur. *Id.* at 1-2 (alterations added). Petitioner states that as a result of his conditions of confinement, he is concerned that he will contract Covid-19. *Id.* at 2.

Additionally, Petitioner argues that he is being illegally detained pending final removal from the United States. *Id. at 1-7.* Petitioner states that on December 4, 2020, he was detained by Immigration and Customs Enforcement ("ICE"). *Id.* at 1. On March 10, 2021, he states that the Department of Homeland Security violated his rights under the Administrative Procedures Act by

"attempt[ing] to remove [Petitioner] illegally from the United States before a final administrative determination in [his] case." *Id.* at 5 (alterations added). On March 17, 2021, Petitioner received notice of his custody determination informing him that he would "remain detained pending a final administrative determination." *Id.* at 5-6; *see* ECF No. [1-1] at 1 (March 17, 2021 Letter - Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)) ("On March 10, 2021, you refused to board your removal flight, you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case."). Petitioner acknowledges that under 8 U.S.C. § 1226(c), he is not entitled to an individualized hearing. *Id.* at 6. However, Petitioner argues that as-applied, his continued detention violates the Due Process Clause. *Id.* He seeks the grant of this Petition and release from immigration detention or a bond hearing. *Id.* at 7.

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 8, a party must submit their allegations with "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Petitioner is subject to a heightened pleading standard in this proceeding, *see Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."), he still must submit his allegations in a manner that is consistent with the goal of Fed. R. Civ. P. 8. In other words, he must present his allegations succinctly while also providing reasonably specific allegations.

Section 2241 permits a district court to grant a writ of habeas corpus whenever a petitioner is in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established that "claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement 'fall outside of that core and may be brought pursuant to § 1983.'" *See Daker v. Warden,* 805 F. App'x

648, 650 (11th Cir. 2020) (quoting *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)). Where a claim does not result in immediate release from custody, it does not "lie at the core of habeas corpus, and may be brought, if at all, under § 1983." *Daker*, 805 F. App'x at 650 (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (internal quotation marks omitted)). A civil rights action, rather than a habeas corpus action, is the proper vehicle for raising a conditions of confinement claim. *See McKinnis v. Mosely*, 693 F.2d 1054, 1056-57 (11th Cir. 1982).

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government has 90 days to secure the alien's removal. *See* 8 U.S.C. § 1231(a)(1)(A). During this removal period, the alien remains in custody. *See* 8 U.S.C. § 1231(a)(2). The removal period begins on the latest of the following:

(i)   The date the order of removal becomes administratively final.
(ii)  If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*See* 8 U.S.C. § 1231(a)(1)(B). If the alien is not removed during the 90-day period, further detention is authorized by statute. *See* 8 U.S.C. § 1231(a)(6). However, continued detention beyond the 90-day statutory removal period is not indefinite.

## IV.   DISCUSSION

Petitioner's claim is twofold: (1) Petitioner complains the conditions of confinement at Krome will result in him contracting Covid-19; and (2) Petitioner did not receive an individualized hearing on continued custody and his continued indefinite detention shocks the conscience. *Id.* at 1-7.

Petitioner's first claim challenges his conditions of confinement and, therefore, must be brought in a civil rights action. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement,

whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("When an inmate challenges the 'circumstances of his confinement' . . . , the claim is properly raised in a civil rights action under § 1983." (citation omitted)). Yet Petitioner seeks release from custody, which is not available in a civil rights action and may be sought only in a habeas corpus action. *See Riley*, 468 F.3d at 754 ("[I]f the relief sought by the inmate would . . . change the . . . duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) (release from confinement is not an available remedy for conditions-of-confinement claims).

Here, it is not clear from the Petition how Petitioner's complaints regarding the conditions of his confinement are connected to his request for release or a bail hearing. To the extent Petitioner seeks release from custody as a result of the conditions of his confinement, Petitioner's claim is not cognizable in a § 2241 petition and must be dismissed.

As alleged, Petitioner's second claim does not state a claim for relief. In *Zadvydas v. Davis*, the Supreme Court concluded that 8 U.S.C. § 1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. *Zadvydas v. Davis*, 533 U.S. 678, 696-99 (2001). While an alien can be detained during the 90-day removal period contemplated by the statute, the alien can be held for only a reasonable period thereafter. *Id.* at 699-701. The total reasonable period of detention is presumed to be six months, unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Thus, to be granted relief under *Zadvydas*, a petitioner must first show that he has been detained beyond the presumptively reasonable six-month period to detain a removable alien. *See id.* at 699-701; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2002) (per curiam). Second, he must "provide evidence of a good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052 (citing *Zadvydas*, 533 U.S. at 701). The *Akinwale* court held that, to state a claim under *Zadvydas*, the six-month presumptively reasonable removal period must have expired at the time the alien filed his § 2241 petition. *Id.* at 1052.

Petitioner's claim fails at the first step because it is not clear if or when the removal period was triggered under 8 U.S.C. § 1231(a)(1)(B). Petitioner states that ICE detained him on December 4, 2020, but the date an alien is detained or confined with regard to an immigration process is not sufficient to trigger the start of the 90-day removal period. Neither does Petitioner provide the date that his order of removal became administratively final. *See* ECF No. [1] at 5 (stating that the March 10, 2021 attempt to remove him from the country was illegal because it was "before a final administrative determination in [his] case." (alteration added)). Moreover, Petitioner states that he has not "conceded [his] deportability, and resolution of that issue remains pending before the United States Court of Appeals for the Fifth Circuit." *Id.* at 4 (alteration added); *see O'neal v. Garland*, No. 21-60556 (5th Cir. filed July 14, 2021). On these facts, the Court cannot identify the trigger date for the start of the 90-day period of removal the Government is entitled to secure an alien's removal, a prerequisite to determining whether prolonged detention is reasonable. Because Petitioner fails to allege whether the 90-day period has expired or even if the 90-day period has begun, Petitioner has not stated a claim for relief.

V.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before **February 18, 2022,** Petitioner shall either pay the Clerk's filing fee of $5.00 or, in the alternative, shall file a motion to proceed *in forma pauperis*, with supporting financial affidavit, and the six-month account statement in accordance with Rule 3(a) of the Rules Governing §2254 and § 2241 Proceedings in the District

Courts.

2. The Clerk of Court is **DIRECTED** to provide Petitioner with a copy of the *in forma pauperis* form and the § 2241 form alongside this Order.

3. If Petitioner pays the filing fee, the payment must bear **Case No. 22-cv-20193-BB** so the fee will be docketed in the correct case. This is especially important where Petitioner has filed more than one case.

4. The Petition for a writ of habeas corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

5. On or before **February 18, 2022**, Petitioner may file an amended petition. The amended petition shall be filed on the District's form for § 2241 actions, which shall be filled out completely. The amended petition shall be the sole operative pleading considered in this case; only claims listed therein will be addressed by the Court. The amended petition must not refer to any previous petition or incorporate by reference claims raised or arguments made therein. Petitioner must not expand the scope of this action by alleging new, unrelated grounds for relief in the amended petition.

6. The amended petition must be labeled "Amended Petition." Petitioner is reminded that the amended petition should at the very least cure the factual deficiencies identified to state a plausible claim for relief.

7. Petitioner is cautioned that failure to comply with this Order will result in dismissal of this case.

Case No. 22-cv-20193-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Carl O'neal, *Pro Se*
A#097506241
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194